**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 15 |
| ALL BLUE INVESTMENTS NORTH STAR 1 LTD, *et al.*,[1] | Case No.: 24-23015 |
| | (Joint Administration Requested) |
| Debtors in a Foreign Proceeding. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE FOREIGN**
**REPRESENTATIVES FOR CHAPTER 15 RECOGNITION AND FINAL RELIEF**

---

[1] The Foreign Debtors in these chapter 15 cases, along with the last four digits of each Foreign Debtor's federal tax identification number, are: All Blue Investments North Star 1 Ltd. (3076); and All Blue Investment Management Ltd. (5280). The Foreign Debtors' address for the purpose of these chapter 15 cases is: c/o R&H Restructuring (BVI) Ltd., Little Denmark Building, Unit 3a, 147 Main Street, PO Box 3162, Road Town, Tortola, British Virgin Islands, VG1110.

# **<u>TABLE OF CONTENTS</u>**

**Page**

I. PRELIMINARY STATEMENT ............................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................. 3

III. ARGUMENT AND AUTHORITY .................................................................................. 3

    A.    The background and purpose of chapter 15 of the Bankruptcy Code support recognition. ......................................................................................... 5

    B.    The Foreign Representatives each qualify as a "foreign representative" under the Bankruptcy Code. ............................................................................ 6

    C.    The BVI Proceedings are "foreign proceedings" under the Bankruptcy Code. ............................................................................................................... 7

    D.    Because the BVI Proceedings are "foreign proceedings", section 109(a) is not a prerequisite to recognition. ................................................................. 10

    E.    The BVI Proceedings are "foreign main proceedings" under the Bankruptcy Code. ................................................................................... 12

    F.    In the alternative, the BVI Proceedings are "foreign nonmain proceedings" under the Bankruptcy Code. ..................................................................... 14

    G.    The Foreign Representatives properly commenced these chapter 15 cases. ....... 16

    H.    Recognition would not be manifestly contrary to the public policy of the United States. ................................................................................... 17

    I.    The Recognition Motion should be granted........................................................ 17

IV. CONCLUSION.............................................................................................................. 18

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re ABC Learning Ctrs. Ltd.*,
    445 B.R. 318 (Bankr. D. Del. 2010) .......................................................................8

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd. (In
    Provisional Liquidation)*,
    374 B.R. 122 (Bankr. S.D.N.Y. 2007) ..............................................................14, 15

*In re Betcorp Ltd.*,
    400 B.R. 266 (Bankr. D. Nev. 2009) ..............................................................8, 13

*In re Brazen Sky Ltd.*,
    No. 22-16795 (RAM) (Bankr. S.D. Fla. Oct. 5, 2022) [ECF No. 8] .......................9

*In re British Am. Ins. Co. Ltd.*,
    425 B.R. 884 (Bankr. S.D. Fla. 2010)........................................................12, 13, 15

*In re British Am. Isle of Venice, Ltd.*,
    441 B.R. 713 (Bankr. S.D. Fla. 2010).....................................................................8

*In re Cayman Investment Funds Master SPC (In Official Liquidation)*,
    No. 24-16273 (EPK) (Bankr. S.D. Fla. July 24, 2024) [ECF No. 25]....................10

*In re Condor Ins. Ltd.*,
    601 F.3d 319 (5th Cir. 2012) ..................................................................................5

*Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*,
    737 F.3d 238 (2d Cir. 2013).................................................................................10

*In re Fairfield Sentry Ltd.*,
    440 B.R. 60 (Bankr. S.D.N.Y. 2010), *aff'd,* No. 10 Civ. 7311, 2011 WL
    4357421 (S.D.N.Y. Sept. 15, 2011)......................................................................13

*In re Goerg*,
    844 F.2d 1562 (11th Cir. 1988) ............................................................................11

*In re Irish Bank Resolution Corp.*,
    No. 13-12159, 2014 WL 9953792 (Bankr. D. Del. Apr. 30, 2014), *aff'd,* 538
    B.R. 692 (D. Del. 2015)................................................................................13, 16

*In re Loy*,
    432 B.R. 551 (E.D. Va. 2010)..................................................................................5

*In re Millennium Glob. Emerging Credit Master Fund Ltd.*,
    458 B.R. 63 (Bankr. S.D.N.Y. 2011) ...................................................................15

*In re North Pointe Holdings (BVI) Ltd. (in Liquidation), et al.*,
    No. 18-24659 (AJC) (Bankr. S.D. Fla. Jan. 14, 2019) [ECF No. 22] ......................9

*In re Performance Insurance Company SPC*,
    No. 21-12609 (AJC) (Bankr. S.D. Fla. Apr. 15, 2021) [ECF No. 17] .....................10

*In re Premier Assurance Group SPC Ltd.*,
    No. 20-20230 (RAM) (Bankr. S.D. Fla. Nov. 18, 2020) [ECF No. 45] ...................10

*In re Ran*,
    607 F.3d 1017 (5th Cir. 2010) ...........................................................................15

*In re SPhinX, Ltd.*,
    351 B.R. 103 (Bankr. S.D.N.Y. 2006) ..................................................................14

*In re SPI Investment Fund SPC (In Official Liquidation)*,
    No. 24-21184 (PDR) (Bankr. S.D. Fla. Nov. 21, 2024) [ECF No. 34] ....................10

*Talal Qais Abdulmunem Al Zawawi v. Diss (In re Talal Qais Abdulmunem Al
    Zawawi)*,
    97 F.4th 1244 (11th Cir. 2024) .......................................................................10, 11

*In re Three Arrows Fund, Ltd.. (In Liquidation)*,
    No. 24-10210 (MG) (Bankr. S.D.N.Y. March 11, 2024) [ECF No. 32] ...................10

*In re Tri-Cont'l Exch., Ltd.*,
    349 B.R. 627 (Bankr. E.D. Cal. 2006) ..................................................................17

**Statutes**

11 U.S.C. § 101 .......................................................................................... *passim*

11 U.S.C. § 109 ..........................................................................................10, 11

11 U.S.C. § 304 ...............................................................................................11

11 U.S.C. § 1501 ............................................................................................5, 15

11 U.S.C. § 1502 ..............................................................................................12

11 U.S.C. § 1504 ............................................................................................7, 14

11 U.S.C. § 1506 ..............................................................................................15

11 U.S.C. § 1508 ...............................................................................................5

11 U.S.C. § 1509 ................................................................................................14

11 U.S.C. § 1515 ...........................................................................................*passim*

11 U.S.C. § 1516(c) ......................................................................................4, 12

11 U.S.C. § 1517 ........................................................3, 6, 12, 14, 16, 17, 18

11 U.S.C. § 1520 ................................................................................................18

11 U.S.C. § 1521 ................................................................................................18

**Other Authorities**

U.N. Comm'n on Int'l Trade Law, UNCITRAL Legislative Guide on Insolvency Law (2004) ....................................................................................................12

U.N. Comm'n on Int'l Trade Law, UNCITRAL Model Law on Cross-Border Insolvency, with Guide to Enactment (1997) ...........................................5, 12, 13

H.R. Rep. No. 109-31 (2005)................................................................................5

Martin Trott and Nathan Mills, in their capacities as duly appointed joint liquidators (the "**Liquidators**" or "**Foreign Representatives**") of All Blue Investments North Star 1 Ltd. (in Liquidation) ("**NS1**") and All Blue Investment Management Ltd. (in Liquidation) ("**ABIM**" and, together with NS1, the "**Foreign Debtors**") under sections 159(2) of the Insolvency Act 2003 (as amended) (the "**Insolvency Act**"), by their undersigned counsel, respectfully submit this memorandum of law (the "**Recognition Memorandum**") in support of the (i) *Motion of the Foreign Representatives for Chapter 15 Recognition and Final Relief* (the "**Recognition Motion**") filed in connection with the Official Form Petitions, and (ii) *Verified Petition Under Chapter 15 of the Bankruptcy Code for an Order and Final Decree Granting Recognition of Foreign Main Proceedings and Other Related Relief* (the "**Verified Petition**," and together with the Official Form Petitions, the "**Petitions**"), each filed concurrently with this Recognition Memorandum.

The Foreign Representatives incorporate by reference (a) the Petitions; (b) the *Declaration of Martin Trott in Support of Verified Petition Under Chapter 15 of the Bankruptcy Code for an Order and Final Decree Granting Recognition of Foreign Main Proceedings and Other Related Relief* (the "**Trott Declaration**"); and (c) the *Declaration of Grant Carroll in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceedings and Other Related Relief* (the "**Carroll Declaration**"), as if fully set forth in this Recognition Memorandum and respectfully state as follows:

## I.
## PRELIMINARY STATEMENT

The Foreign Representatives commenced these cases under chapter 15 of the Bankruptcy Code to seek aid and assistance with respect to the Foreign Debtors' liquidation proceedings currently pending in the British Virgin Islands ("**BVI**") (the "**BVI Proceedings**").   The Foreign

Representatives have received over $125 million in claims filed by Broker-Dealers[2] for improper "naked short trades" made by the Foreign Debtors in further of investment activities. These cases are a step in the Liquidators' investigative journey and may ultimately provide a forum for formal discovery and potential litigation in the United States or elsewhere.

Through the Recognition Motion, the Foreign Representatives seek recognition of the BVI Proceedings as foreign main proceedings and entry of an order authorizing the Liquidators to serve as Foreign Representatives of the Foreign Debtors before this Court. Recognition of the BVI Proceedings will (i) protect the Foreign Debtors and their interests within the territorial jurisdiction of the United States from creditor and counterparty actions and (ii) allow the Foreign Representatives to investigate the affairs of the Foreign Debtors within the territorial jurisdiction of the United States. The proposed recognition would also prevent a "race to the courthouse" by creditors seeking to take enforcement actions with respect to the Foreign Debtors' interests or assets within the United States.

Recognition will serve the very purpose for which chapter 15 of the Bankruptcy Code was enacted—to allow for centralized administration of the Foreign Debtors' assets by coordinating the BVI Proceedings and these chapter 15 cases and by ensuring fair treatment for the Foreign Debtors' creditors and other interested parties in the BVI and the United States.

As set forth in this Recognition Memorandum and in the declarations in support of the requested relief, recognition of the BVI Proceedings as foreign main proceedings and the related relief requested in the Verified Petition and the Recognition Motion are warranted under the relevant provisions of the Bankruptcy Code. Thus, the Foreign Representatives respectfully

---

[2]   Capitalized terms used but not otherwise defined in this Recognition Memorandum will retain the meaning ascribed to such terms in the Verified Petition.

request that this Court recognize the BVI Proceedings as foreign main proceedings, or, in the alternative, as foreign nonmain proceedings, as set forth below.

## II.
## FACTUAL BACKGROUND

Detailed factual background regarding the Foreign Debtors, including the events leading to the commencement of the BVI Proceedings and the filing of these chapter 15 cases is set forth in the Recognition Motion, Verified Petition, Trott Declaration, and Carroll Declaration, each of which is incorporated in this Recognition Memorandum by reference as if fully set forth here.

## III.
## ARGUMENT AND AUTHORITY

The Foreign Representatives satisfy the Bankruptcy Code's definition of "foreign representative," the BVI Proceedings satisfy the Bankruptcy Code's definition of "foreign proceedings," and because the Foreign Debtors' center of main interest is in the BVI, the BVI Proceedings are entitled to recognition as "foreign main proceedings." The Petitions also comply with the requirements of section 1515 of the Bankruptcy Code. Finally, recognition of the BVI Proceedings will not manifestly violate the public policy of the United States. Accordingly, the Foreign Representatives respectfully submit that this Court should recognize the BVI Proceedings as foreign main proceedings under section 1517 of the Bankruptcy Code.

First, the Foreign Representatives are each a "person," as contemplated in subsections 101(24) and 101(41) of the Bankruptcy Code. Messrs. Mills and Trott were appointed Liquidators on March 27, 2024 by written resolutions (the "**Resolutions**") of the sole management shareholder of NS1 and the sole member of ABIM. The Resolutions permit the appointment of insolvency practitioners under section 159(2) of the Insolvency Act. Both Messrs. Mills and Trott are eligible insolvency practitioners in the BVI. As eligible insolvency practitioners, the Liquidators were

vested with custody and control of the Foreign Debtors' assets under section 175(1)(a) of the Insolvency Act.

Second, the BVI Proceedings are "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code because the BVI Proceedings constitute collective judicial proceedings conducted in the BVI under the law related to insolvency or debt adjustment (*i.e.*, the Insolvency Act), which establishes a comprehensive framework determining how the Foreign Debtors' assets will be administered, retrieved and distributed. Additionally, the BVI Proceedings are each a "foreign main" proceeding because section 1516(c) of the Bankruptcy Code presumes that the Foreign Debtors' center of main interests is in the BVI. The Foreign Debtors are entitled to that presumption here because they are BVI-registered entities that presently and have always maintained registered offices in the BVI, where BVI Proceedings are taking place.

Finally, the Petitions meet the requirements of section 1515 of the Bankruptcy Code. In accordance with sections 1515(b) and (d) of the Bankruptcy Code, the Petitions are accompanied by copies of the Resolutions commencing the BVI Proceedings and appointing the Foreign Representatives. (*See* Official Form Petitions, Ex. A.) In accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representatives filed a statement with the Petitions identifying the BVI Proceedings as the only proceedings with respect to the Foreign Debtors and stating that there are no other pending foreign proceedings known to the Foreign Representatives with respect to the Foreign Debtors. (*See* Official Form Petitions, Ex. B.) Finally, as required by Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Foreign Representatives have also filed the Foreign Debtors' corporate ownership statements and a list of persons authorized to administer foreign proceedings of the Foreign Debtors.

Thus, as set forth in detail below, all the conditions for recognizing the BVI Proceedings as foreign main proceedings under the Bankruptcy Code have been satisfied.

A.    **The background and purpose of chapter 15 of the Bankruptcy Code support recognition.**

Congress added chapter 15 to the Bankruptcy Code when it enacted title VIII of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. *See* Pub. L. No. 109-8, § 801 (2005); *see also* 8 Collier on Bankr. ¶ 1501.01 (16th ed.). Chapter 15 encourages cooperation between the United States and courts and other competent authorities of foreign countries involved in cross-border insolvency cases. 11 U.S.C. § 1501(a). Chapter 15 incorporates into United States bankruptcy law the Model Law on Cross-Border Insolvency (the "**Model Law**") promulgated in 1997 by the United Nations Commission on International Trade Law ("**UNCITRAL**"), following years of international consultation on how best to coordinate and assist cross-border insolvency cases.

As a result, in interpreting chapter 15 of the Bankruptcy Code, the Court is required to "consider its international origin, and the need to promote an application of this chapter [15] that is consistent with the application of similar statutes adopted by foreign jurisdictions." *See* 11 U.S.C. § 1508. The Guide to Enactment of UNCITRAL's Model Law provides historical and interpretive guidance to the meaning and purpose of the provisions in chapter 15. *See generally* 8 Collier on Bankr. ¶ 1501.01. Indeed, Congress has instructed that if the Court finds a provision of chapter 15 to be unclear or ambiguous, the Court may view the UNCITRAL Model Law and the Guide to Enactment with respect to the Model Law as legislative history. *See* H.R. Rep. No. 109-31, at 105 (2005). Courts have further suggested that it is also acceptable to consider interpretations of the Model Law rendered by foreign courts. *See, e.g.*, *In re Condor Ins. Ltd.*, 601 F.3d 319, 321-22 (5th Cir. 2012); *In re Loy*, 432 B.R. 551, 560 (E.D. Va. 2010).

Chapter 15 of the Bankruptcy Code requires a bankruptcy court to recognize a foreign proceeding if the elements in section 1517 of the Bankruptcy Code are satisfied.  Section 1517 of the Bankruptcy Code requires that (i) the chapter 15 petition satisfy section 1515 of the Bankruptcy Code, (ii) the foreign representative is a person or body, and (iii) the foreign proceeding is either a foreign main proceeding or a foreign nonmain proceeding.  Beyond recognition, a chapter 15 case provides the duly authorized foreign representative of such proceeding with various forms of relief to preserve the debtors' assets and value in multinational and cross-border corporate insolvency proceedings, to coordinate the administration of assets, and to prevent disruption that otherwise could derail a foreign proceeding from achieving its purposes under the applicable local foreign law.

Consistent with these principles, the Foreign Representatives request that this Court recognize the BVI Proceedings and grant all relief that it deems just and proper to aid the Foreign Debtors in pursuing liquidation in the BVI Proceedings.  Recognition is critical to preserving and maximizing the value of the Foreign Debtors' assets for the benefit of the Foreign Debtors, their creditors, and other stakeholders because it will (i) stay any creditor actions in the United States, (ii) provide a stable platform for the Foreign Debtors to complete their cross-border liquidation, and (iii) provide the Foreign Representatives with access to a United States court to be heard on issues that may impact the BVI Proceedings or the Foreign Debtors' obligations under BVI law.

### B.     The Foreign Representatives each qualify as a "foreign representative" under the Bankruptcy Code.

A "foreign representative" that has been duly appointed and authorized in a foreign proceeding to administer a reorganization or liquidation is a proper applicant for recognition of a foreign proceeding and may commence a chapter 15 case by filing a petition for recognition of a foreign proceeding.  *See* 11 U.S.C. §§ 1504 and 1515.  Section 101(24) of the Bankruptcy Code

defines a "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

Under section 101(41) of the Bankruptcy Code, a "person" includes an individual, partnership, and corporation.    11  U.S.C.  §  101(41).    As discussed above, the Foreign Representatives are each a "person" within the meaning of section 101(41) of the Bankruptcy Code, appointed as Liquidators under the Resolutions.  *See* Official Form Petitions, Ex. A.  The Resolutions authorized and empowered Messrs. Mills and Trott to act as joint liquidators in respect of the BVI Proceedings.  *See id*.  Section 159(2) of the Insolvency Act provides that, subject to non-applicable statutory exceptions, "members of a company may, by a qualifying resolution, appoint an eligible insolvency practitioner as liquidator of the company." Insolvency Act, § 159(2).  Thus, the Foreign Representatives fall squarely within the definition of "foreign representative" under section 101(24) of the Bankruptcy Code.

**C.    The BVI Proceedings are "foreign proceedings" under the Bankruptcy Code.**

Chapter 15 of the Bankruptcy Code permits recognition of a "foreign proceeding."  As defined in section 101(23) of the Bankruptcy Code, a "foreign proceeding" is:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).  Bankruptcy courts have held that in determining whether a specific proceeding is a "foreign proceeding," the court should examine whether the foreign proceeding meets the following factors: (1) it is a proceeding either judicial or administrative in character, (2) collective in nature, (3) in a foreign country, (4) authorized or conducted under a law related

to insolvency or the adjustment of debts, (5) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court, and (6) which is for the purpose of reorganization or liquidation.  *See In re British Am. Isle of Venice, Ltd.*, 441 B.R. 713, 718 (Bankr. S.D. Fla. 2010); *In re ABC Learning Ctrs. Ltd.*, 445 B.R. 318, 327 (Bankr. D. Del. 2010) (citing *In re Betcorp Ltd.*, 400 B.R. 266, 277 (Bankr. D. Nev. 2009)), *aff'd*, 728 F.3d 301 (3d Cir. 2013).

The BVI Proceedings are "foreign proceedings" within the meaning of the Bankruptcy Code.  As set forth in the Carroll Declaration, the BVI Proceedings are proceedings in a foreign jurisdiction—the BVI—that are collective liquidation proceedings governed by the BVI statute applicable to corporate insolvencies (*i.e.*, the Insolvency Act), in which the Liquidators serve as officers of the BVI court (the "**BVI Court**").  *See* Carroll Decl. ¶¶ 41-45.

*First*, the BVI Proceedings are proceedings commenced under the Insolvency Act, a BVI law that governs corporate reorganization and liquidation.  For purposes of chapter 15 recognition, "the hallmark of a 'proceeding' is a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets."  *In re Betcorp*, 400 B.R. 266, 278 (Bankr. D. Nev. 2009).  Because the BVI Proceedings operate under such statutory framework, they satisfy the first factor of section 101(23) of the Bankruptcy Code.

*Second*, the BVI Proceedings are judicial in character.  A proceeding is judicial in character whenever a "court exercises its supervisory powers."  *In re ABC Learning Ctrs. Ltd*., 445 B.R. at 328.  Under the Insolvency Act, the Liquidators are officers of the BVI Court, may apply to the BVI Court for direction with respect to their duties, and the BVI Court may remove the Liquidators for cause.  *See* sections 184, 186(5), and 187 of the Insolvency Act.

*Third*, the BVI Proceedings are collective in nature, in that all affected creditors are allowed to participate.  In *Betcorp*, for instance, the bankruptcy court discussed the contrasts between a

8

true collective proceeding, where such proceeding "considers the rights and obligations of all creditors," and a non-collective proceeding, such as a "receivership remedy instigated at the request, and for the benefit, of a single secured creditor." *See* 400 B.R. at 281. Here, the Liquidators are administering the BVI Proceedings with the goal of maximizing value for the Foreign Debtors' creditors. Importantly, the BVI Proceedings will not prohibit any of the Foreign Debtors' creditors from participating in the Foreign Debtors' liquidation. Thus, the BVI Proceedings are quintessential collective proceedings.

*Fourth*, the BVI Proceedings are in a foreign country, namely the BVI, which is a British overseas territory and distinct legal jurisdiction.

*Fifth*, as described above, the Insolvency Act, which governs the BVI Proceedings, relates to the adjustment of debt. Here, the Foreign Debtors are utilizing the Insolvency Act and BVI Proceedings to investigate the assets and affairs and pursue the liquidation of the Foreign Debtors.

*Sixth,* the Liquidators have duties to report to the BVI Financial Services Commission and are subject to additional duties that may be imposed by the BVI Court during the pendency of the BVI Proceedings.

Because the BVI Proceedings satisfy all of the criteria required by section 101(23) of the Bankruptcy Code, they are foreign proceedings entitled to recognition under chapter 15 of the Bankruptcy Code. U.S. courts have recognized collective proceedings like the BVI Proceedings as "foreign proceedings" on numerous occasions. *See, e.g., In re Brazen Sky Limited*, No. 22-16795 (RAM) (Bankr. S.D. Fla. Oct. 5, 2022) [ECF No. 8] (recognizing BVI proceeding as foreign proceeding); *In re North Pointe Holdings (BVI) Ltd. (In Liquidation)*, *et al.*, No. 18-24659 (AJC) (Bankr. S.D. Fla. Jan. 14, 2019) [ECF No. 22] (recognizing BVI, Cayman, and Bermuda

proceedings as foreign proceedings); *In re Three Arrows Fund, Ltd (In Liquidation)*, No. 24-10210 (MG) (Bankr. S.D.N.Y. March 11, 2024) [ECF No. 32] (recognizing BVI proceeding as foreign proceeding); *In re Cayman Investment Funds Master SPC (In Official Liquidation), et al.*, No. 24-16273 (EPK) (Bankr. S.D. Fla. July 24, 2024) [ECF No. 25] (recognizing Cayman proceedings as foreign proceedings); *In re SPI Investment Fund SPC (In Official Liquidation), et al.*, No. 24-21184 (PDR) (Bankr. S.D. Fla. Nov. 21, 2024) [ECF No. 34] (same); *In re Performance Insurance Company SPC,* No. 21-12609 (AJC) (Bankr. S.D. Fla. Apr. 15, 2021) [ECF No. 17] (same); *In re Premier Assurance Group SPC Ltd.*, No. 20-20230 (RAM) (Bankr. S.D. Fla. Nov. 18, 2020) [ECF No. 45] (same).

Accordingly, the BVI Proceedings under the Companies Act are "foreign proceedings" under section 101(23) of the Bankruptcy Code.

### D.     Because the BVI Proceedings are "foreign proceedings", section 109(a) is not a prerequisite to recognition.

Section 109(a) states, in relevant part, that "only a person that resides or has a domicile, a place of business, or property in the United States . . . may be a debtor under this title."  11 U.S.C. § 109(a).  Courts disagree over the applicability of section 109(a) in chapter 15 cases, however, and the Eleventh Circuit recently held that eligibility to be a debtor under section 109(a) is not required for recognition under chapter 15.  *Compare Talal Qais Abdulmunem Al Zawawi v. Diss (In re Talal Qais Abdulmunem Al Zawawi)*, 97 F.4th 1244, 1253 (11th Cir. 2024) (holding that debtor eligibility under chapter 1 is not a prerequisite for recognition) *with Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 247 (2d Cir. 2013) (holding that eligibility requirements under section 109 of the Bankruptcy Code apply to chapter 15 debtors).  In doing so, the court considered its prior precedent, which held that chapter 1's debtor eligibility

10

language does not apply to cases ancillary to a foreign proceeding.  *In re Talal Qais Abdulmunem Al Zawawi*, 97 F.4th at 1252 (citing and discussing *In re Goerg*, 844 F.2d 1562 (11th Cir. 1988)).

The Eleventh Circuit reasoned that former section 304 of the Bankruptcy Code (the predecessor to chapter 15) and chapter 15 are similar in their purposes, which include "provid[ing] effective mechanisms for dealing with cases of cross-border insolvency".  *Id.* at 1254 (quoting 11 U.S.C. § 1501(a)).  Based upon section 304 and chapter 15's similarities, the court looked to the *Goerg* decision as support for the proposition that "a debtor in a case ancillary to a foreign proceeding 'need only be properly subject, under applicable foreign law' to a 'foreign proceeding' as defined in the Bankruptcy Code."  *Id.* at 1255 (citing *In re Goerg*, 844 F.2d at 1568).  The *Goreg* case noted that "it would make little sense to require that the subject of a foreign proceeding qualify as a 'debtor' under United States bankruptcy law" and it "would make eminent sense for Congress" to broadly define foreign insolvency proceedings for ancillary assistance.  *Id.* at 1253 (citing *In re Goerg*, 844 F.2d at 1253).  The court ultimately determined that debtor eligibility under section 109 is not a requirement for recognition under chapter 15 in light of the rationale from the *Goerg* case.

As set forth above, because the Foreign Debtors are properly subject to the BVI Proceedings, section 109(a) is not a prerequisite for recognition in this chapter 15 case.[3]

---

[3]    Even if section 109(a) did apply, the Foreign Debtors would satisfy the section 109(a) requirements because they have property in the United States in the form of a retainer held by DLA Piper LLP (US) on deposit in its Florida client trust account.  The Foreign Debtors additionally have assets in Florida in the form of a receivable from Big 5 Sponsor LLC, a limited liability company established in Florida.

E.     **The BVI Proceedings are "foreign main proceedings" under the Bankruptcy Code.**

A bankruptcy court is obligated to enter an order recognizing a foreign proceeding after notice and a hearing if, among other conditions,[4] the foreign proceeding for which recognition is sought is either a "foreign main proceeding" or a "foreign nonmain proceeding." *See* 11 U.S.C. § 1517(a)(1). Section 1502(4) of the Bankruptcy Code provides that a "foreign main proceeding" means "a foreign proceeding pending in the country where the debtor has the center of its main interests." *Id.* § 1502(4). Section 1502(1) of the Bankruptcy Code provides that for purposes of chapter 15, the term "debtor" means "an entity that is the subject of a foreign proceeding." *Id.* § 1502(1). The term "center of main interests" or "COMI" is not defined in chapter 15 of the Bankruptcy Code. However, chapter 15 includes a presumption that, in the absence of evidence to the contrary, the foreign debtor's COMI is the place where the debtor's registered office is located. *Id.* § 1516(c); *see In re British Am. Ins. Co. Ltd.*, 425 B.R. 884, 908 (Bankr. S.D. Fla. 2010) (noting that COMI has been equated with a debtor's principal place of business).

The COMI concept in chapter 15 derives from the Model Law and is also used in the European Counsel (EC) Regulation No. 1346/2000 of May 29, 2000, on European Cross-Border Insolvency Proceedings (the "**EC Regulation**"). The Legislative Guide provides that the EC Regulation "indicates that the term should correspond to 'the place where the debtor conducts the administration of his interest on a regular basis and is therefore ascertainable by third parties.'" *See* U.N. Comm'n on Int'l Trade Law, UNCITRAL Legislative Guide on Insolvency Law (2004) ¶ 13. The 1997 Guide to Enactment of the UNCITRAL Model Law on Cross-Border Insolvency (the "**Guide to Enactment**") indicated that it is "not advisable to include more than one criterion

---

[4]    The other conditions are that the foreign representative applying for recognition is a person or body and the petition meets the requirements of section 1515 of the Bankruptcy Code. *See generally* 11 U.S.C. § 1517(a). These conditions are satisfied here, as explained above.

for qualifying a foreign proceeding as a main proceeding and provide that on the basis of any of these criteria a proceeding could be deemed a main proceeding" because such an approach "involving 'multiple criteria' would raise the risk of competing claims from foreign proceedings for recognition as a main proceeding." *See* U.N. Comm'n on Int'l Trade Law, UNCITRAL Model Law on Cross-Border Insolvency, with Guide to Enactment (1997) ¶ 127.

In other words, a debtor in a chapter 15 case should only have one COMI, and chapter 15 provides a rebuttable presumption that a debtor's COMI is the place where it is registered. *See*, *e.g., In re Betcorp*, 400 B.R. at 291 (suggesting that competing COMIs undermine the purpose of chapter 15 and lead to sub-optimal distribution of assets). Additionally, as best demonstrated by Judge Lifland's discussion in the *Fairfield Sentry* case, what has come to be termed the "nerve center test" is the preferred test for determining COMI. The nerve center test looks at the ascertainable location of a chapter 15 debtor even if that means COMI shifted because of the liquidation and appointment of a foreign representative in the foreign proceeding (as long as such shift does not reflect mischief). *See In re Fairfield Sentry Ltd.*, 440 B.R. 60, 65-66 (Bankr. S.D.N.Y. 2010), *aff'd,* No. 10 Civ. 7311, 2011 WL 4357421 (S.D.N.Y. Sept. 15, 2011).

In considering facts which might rebut the registered office COMI presumption, U.S. bankruptcy courts have created a number of non-exclusive, non-mandatory factors regarding the location of the debtor's COMI, including: (1) the location of the debtor's headquarters; (2) the location of those who actually manage the debtor; (3) the location of the debtors' primary assets; (4) the location of the majority of the debtors' creditors or a majority of the creditors who would be affected by the case; and (5) the jurisdiction whose law would apply to most disputes. *See, e.g., In re British Am. Ins. Co.*, 425 B.R. at 909; *In re Irish Bank Resolution Corp.*, No. 13-12159, 2014 WL 9953792, at *16 (Bankr. D. Del. Apr. 30, 2014), *aff'd,* 538 B.R. 692 (D. Del. 2015); *In re*

*SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd. (In Provisional Liquidation)*, 374 B.R. 122, 128 (Bankr. S.D.N.Y. 2007).

As the registered office for each of the Foreign Debtors is in the BVI, the center of main interests is presumed to be the BVI, where the BVI Proceedings are pending.  Moreover, the location of the insolvency proceedings is in the BVI, which is the nerve-center of this case and is where the rights of the Foreign Debtors' creditors can be asserted and will be subject to compromise.

Accordingly, the Foreign Debtors' COMI is in the BVI, and the Court should recognize the BVI Proceedings as foreign main proceedings.

**F.    In the alternative, the BVI Proceedings are "foreign nonmain proceedings" under the Bankruptcy Code.**

In the alternative, if this Court concludes that the BVI Proceedings are not "foreign main proceedings," the Court should grant recognition of them as "foreign nonmain proceedings" under section 1517(b)(2) of the Bankruptcy Code.

The Guide to Enactment explains that in a foreign nonmain proceeding, "the court must be satisfied that the relief relates to assets that, under the law of this State, should be administered in the foreign nonmain proceeding or concerns information required in that proceeding."  *See* Guide to Enactment ¶ 153, 158-60.  A "foreign nonmain proceeding" is defined as "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." *See* 11 U.S.C. § 1502(5); *see also* 11 U.S.C. § 1517(b)(2) (providing that an order of recognition as a "foreign nonmain proceeding" shall be entered "if the debtor has an establishment within the meaning of section 1502 in the foreign country where the proceeding is pending").  An

14

establishment is "any place of operations where the debtor carries out a non-transitory economic activity." *See* 11 U.S.C. § 1502(2).

"Nontransitory economic activity" is not defined in the Bankruptcy Code but has been referred to as 'a local place of business.'" *See In re Creative Fin. Ltd.*, 543 B.R. 498, 520 (Bankr. S.D.N.Y 2016) (holding that to have an establishment in a country a debtor must "conduct business in that country."); *In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 85 (Bankr. S.D.N.Y. 2011) (holding that several factors contribute to identifying an establishment, including the economic impact of the debtor's operations on the market, the maintenance of a "minimum level of organization" for a period of time, and the objective appearance to creditors whether the debtor has a local presence); *see also In re Ran*, 607 F.3d 1017, 1027 (5th Cir. 2010) (holding that the definition of establishment requires "a place from which economic activities are exercised on the market (i.e. externally), whether the said activities are commercial, industrial or professional."); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. at 131 (holding that the requirements of a "place of operations" from which "economic activity" is conducted require a seat for local business activity that has a local effect on the markets; *In re British Am. Ins. Co., Ltd.*, 425 B.R. at 915 (holding same). As with determining a debtor's COMI, courts determine whether a debtor has an establishment in a country as of the time of the filing of the chapter 15 petition. *Id.*

Prior to the commencement of the BVI Proceedings, the Foreign Debtors were at all times organized under BVI law and maintained registered addresses in the BVI, where they engaged in business and received services throughout their existence. Given the material and substantive activities conducted by the Foreign Debtors in the BVI, the Foreign Debtors demonstrably have a local and non-transitory place of business and, hence, an establishment, in the BVI. As a result,

even if the Court concludes that the BVI Proceedings are not each a foreign main proceeding, the BVI Proceedings should be recognized as foreign nonmain proceedings under section 1517(b)(2) because the Foreign Debtors maintain an establishment in the BVI where the BVI Proceedings are pending.

### G. The Foreign Representatives properly commenced these chapter 15 cases.

These chapter 15 cases were duly and properly commenced in accordance with sections 1504 and 1509(a) of the Bankruptcy Code by the filing of the Petitions, accompanied by all documents and information required by subsections 1515(b) and (c), in compliance with section 1515(a) of the Bankruptcy Code. *See In re Irish Bank*, 2014 WL 9953792, at *17 ("The final requirement for recognition under § 1517 is that the petition for recognition meets the procedural requirements of [section] 1515"), *aff'd*, 538 B.R. 692 (D. Del. 2015). Section 1504 of the Bankruptcy Code provides that "a case under this chapter is commenced by the filing of a petition for recognition of a foreign proceeding under section 1515." 11 U.S.C. § 1504.

The Foreign Representatives satisfied the requirements of section 1515(a) of the Bankruptcy Code by filing the Petitions and section 1515(b) by submitting with the Petitions certified copies, in English, of the Resolutions commencing the BVI Proceedings. Further, in satisfaction of section 1515(c), the Foreign Representatives have filed with the Petitions a statement identifying the BVI Proceedings as the only foreign proceedings with respect to the Foreign Debtors that are known to the Foreign Representatives. In addition, in accordance with Bankruptcy Rule 1007(a)(4), the Foreign Representatives have filed: (i) a corporate ownership statement and a list of persons or bodies authorized to administer foreign proceedings of the Foreign Debtors, and (ii) a statement identifying that the Foreign Debtors are not presently involved in pending litigation in the United States. No provisional relief is being sought. Because the Foreign Representatives have satisfied the requirements set forth in section 1515 of the

16

Bankruptcy Code and Bankruptcy Rule 1007(a)(4), these chapter 15 cases have been properly commenced.

### H.    Recognition would not be manifestly contrary to the public policy of the United States.

The BVI Proceedings should be recognized as foreign main proceedings because doing so would not be "manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506.

As an initial point, since enactment of chapter 15, there have been numerous BVI proceedings recognized by courts across the United States, including this Court.  Recognition will further the purposes of chapter 15 by providing for coordination between the BVI Proceedings and these chapter 15 cases to ensure that the Foreign Debtors' insolvency is handled in a fair, efficient, and centralized manner, to protect and maximize the value of the Foreign Debtors' assets, and to protect the interests of the Foreign Debtors' creditors in the BVI Proceedings.  *See generally* 11 U.S.C. § 1501 (discussing the purpose and scope of chapter 15).  Further, the narrow public policy exception in section 1506 of the Bankruptcy Code should only be invoked under exceptional circumstances not present here.  *See In re Tri-Cont'l Exch., Ltd.*, 349 B.R. 627, 638 n.16 (Bankr. E.D. Cal. 2006) (noting that "Congress has indicated, with its use of the phrase 'manifestly contrary,' that this exception is to be narrowly construed," and, in accordance with the Guide to Enactment, the public policy exception is "only intended to be invoked under exceptional circumstances concerning matters of fundamental importance").

### I.    The Recognition Motion should be granted.

The relief requested by the Foreign Representatives in the proposed form of order attached as **Exhibit A** to the Recognition Motion is either required to be entered or may be entered in the Court's discretion.  Specifically, because the Foreign Representatives have satisfied all the provisions of sections 1515 and 1517 of the Bankruptcy Code, recognition is mandatory.  *See* 11

U.S.C. § 1517(a) (stating that "an order recognizing a foreign proceeding ***shall***" be entered if the requisite conditions are satisfied) (emphasis added). As set forth in this Recognition Memorandum, the Foreign Representatives and the BVI Proceedings satisfy the applicable definitional and documentary provisions of the Bankruptcy Code. Similarly, where a foreign proceeding is pending in a country where the debtor has its center of its main interests, the court must recognize it as a foreign main proceeding. *See* 11 U.S.C. § 1517(b) (also using the "shall" construct for such recognition).

The proposed form of order contains the relief that is essentially self-executing upon recognition. *See* 11 U.S.C. § 1520. The remaining provisions of the form of order rely on the discretionary relief available, such as entrusting the Foreign Debtors' assets to the Foreign Representatives and granting the Foreign Representatives powers and relief available to a trustee. *See* 11 U.S.C. §§ 1520 & 1521. For the reasons set forth in the Recognition Motion, this Recognition Memorandum, the Chapter 15 Petitions, the Trott Declaration, the Carroll Declaration, and other papers filed with this Court, the Foreign Representatives submit that such relief is necessary and proper, and it would be just for the Court to use its discretion to grant this relief.

## IV.
## <u>CONCLUSION</u>

For the reasons stated in the Recognition Motion and this Recognition Memorandum, the Foreign Representatives respectfully request that the Court enter an order, substantially in the form attached as **<u>Exhibit A</u>** to the Recognition Motion, recognizing the BVI Proceedings as foreign main proceedings, granting the relief in aid of the BVI Proceedings as requested in the Recognition Motion, and granting such other and further relief as this Court deems just and proper.

Dated: December 13, 2024
       Miami, Florida

Respectfully submitted,

**DLA PIPER LLP (US)**

  */s/ Rachel Nanes*
Rachel Nanes (FL Bar No. 85167)
Nicole McLemore (FL Bar No. 1010885)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500 (Main)
Telephone: (305) 423-8563 (Direct)
Facsimile: (305) 675-8206
Email: rachel.nanes@us.dlapiper.com
       nicole.mclemore@us.dlapiper.com

- and -

R. Craig Martin (*pro hac vice* admission pending)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700 (Main)
Telephone: (302) 468-5655 (Direct)
Facsimile: (302) 778-7834
Email: craig.martin@us.dlapiper.com

*Counsel for the Foreign Representatives*