**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>ALL BLUE INVESTMENTS NORTH STAR 1 LTD, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No.: 24-23015<br><br>(Joint Administration Requested) |

**DECLARATION OF GRANT CARROLL**
**IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15**
**FOR ORDER AND FINAL DECREE GRANTING RECOGNITION**
**OF FOREIGN MAIN PROCEEDINGS AND OTHER RELATED RELIEF**

GRANT CARROLL hereby declares as follows:[2]

1.      I am a partner of the law firm Campbells.  Campbells advises clients worldwide on the laws of the British Virgin Islands **("BVI")** and the Cayman Islands.  I have practiced law in the BVI since 2013, and I advise on the laws of the BVI.

2.      I practice in Campbells' BVI Dispute Resolution team as a partner and head of litigation.  I have considerable experience advising court-appointed liquidators, banks, multinational corporations and financial services institutions in the restructuring, liquidation and winding-up of BVI companies and funds.

3.      I completed my academic legal training with BPP Law School in London in 2005. Thereafter I was called to the bar of England and Wales, with the Honourable Society of the Middle

---

[1]    The Foreign Debtors in these chapter 15 cases, along with the last four digits of each Foreign Debtor's federal tax identification number, are: All Blue Investments North Star 1 Ltd. (3076); and All Blue Investment Management Ltd. (5280).  The Foreign Debtors' address for the purpose of these chapter 15 cases is: c/o R&H Restructuring (BVI) Ltd., Little Denmark Building, Unit 3a, 147 Main Street, PO Box 3162, Road Town, Tortola, British Virgin Islands, VG1110.

[2]    Capitalized terms used but not defined in this declaration have the meanings given to such terms in the *Verified Petition Under Chapter 15 of the Bankruptcy Code for an Order and Final Decree Granting Recognition of Foreign Main Proceedings and Other Related Relief* (the "**Verified Petition**"), filed contemporaneously with this declaration.

Temple, in 2005.  I moved to the BVI in 2013 and was similarly called to the Bar of the BVI in 2013 where I have practiced ever since.  I have practiced law for over a decade and during that time have been in involved in many liquidation and insolvency related proceedings.  I regularly appear as lead counsel before all levels of the BVI court system, including the BVI High Court, Commercial Court and the Court of Appeal of the Eastern Caribbean Supreme Court. My appearances often concern aspects of the BVI Insolvency Act, 2003 (the "**Insolvency Act**"), the Insolvency Rules, 2005, and other laws governing restructuring and insolvency of BVI entities.

4.      Although I am not an attorney licensed in the United States, I am familiar with the provisions of Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") as a consequence of my BVI practice.

5.      I respectfully submit this declaration in support of the Verified Petition, under which Messrs. Martin Trott and Nathan Mills, the duly appointed joint liquidators and foreign representatives (together, the "**Liquidators**") of All Blue Investments North Star 1 Ltd. ("**NS1**") and All Blue Investment Management Ltd. ("**ABIM**," and together with NS1, the "**Foreign Debtors**") seek this Court's recognition of the Foreign Debtors' liquidation proceedings (the "**BVI Proceedings**").

6.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or based upon my review of relevant documents, including, without limitation, the sworn declaration of Martin Trott, or upon my opinion based upon my experience and knowledge.

7.      To the extent matters stated in this Declaration are statements of legal opinion, such statements represent my view of the law of the BVI as a practicing BVI attorney.

2

8.  For the reasons discussed below, it is my position that: (i) the Liquidators qualify as "foreign representatives" in connection with the BVI Liquidation; (ii) the BVI Liquidation constitutes a "foreign proceeding" according to 11 U.S.C. §§ 101(23) and (24); and (iii) the BVI Liquidation is a "foreign main proceeding" within the meaning of the Bankruptcy Code.

## BACKGROUND

### A.  NS1's Formation and Management

9.  NS1 was incorporated as a Business Company in the BVI on March 4, 2022 under BVI Company No. 2093076.

10.  NS1 is a Professional Fund under the BVI Securities and Investment Business Act, 2010 (as amended) (the "**SIBA**"), which means that it is an open-ended investment fund permitted to issue shares only to Professional Investors (as defined in the SIBA).

11.  NS1's directors are Messrs. Cookson and Novak.

12.  The sole holder of the single management share in NS1 is Elea Investments Ltd, formerly known as All Blue Investments (DIFC) Ltd. ("**All Blue Investments**").  Mr. Cookson is the sole shareholder and director of All Blue Investments.  The Liquidators understand that Mr. Novak was a director of All Blue Investments until March 2024.

13.  NS1 is governed by a Memorandum and Articles of Association adopted on March 4, 2022.

### B.  ABIM's Formation and Management

14.  ABIM was incorporated as a Business Company in the BVI on November 1, 2023 under BVI Company No. 2135280.

15.  ABIM's directors are Messrs. Cookson and Novak.

16.  ABIM is governed by a Memorandum and Articles of Association adopted on November 1, 2023.

### C.   The BVI Proceedings

17.     The BVI Proceedings are the result of qualifying members' resolutions with respect to each of the Foreign Debtors dated March 27, 2024, in accordance with section 159(2) of the Insolvency Act, appointing the Liquidators (the "**Resolutions**").  Copies of the Resolutions are attached to the Petitions as <u>Exhibit A</u>.

18.     As liquidators appointed by qualifying members' resolutions, the Liquidators may exercise such powers as are conferred by the Insolvency Act, including the power to file the Petitions, and to take such steps in connection therewith as the Liquidators consider to be appropriate.   True and correct copies of the relevant sections of the Insolvency Act (the significance of which I will discuss in more detail below), are attached hereto as <u>Exhibit A</u>**.**

19.     I have been asked by the Liquidators to explain in general terms the relevant substantive BVI law and procedural rules relating to the liquidation, dissolution and administration of insolvent BVI entities, and in particular how they relate to the Foreign Debtors.  The Liquidators have also requested that I explain the treatment of creditors under the Insolvency Act, and in particular, that, under BVI insolvency law, non-BVI creditors rank *pari passu* with all other parties. The issues on which I have been asked to opine fall well within my professional experience.

### SOURCES OF BVI LAW

20.     The BVI is an Overseas Territory of the United Kingdom.  The BVI has its own legislature called the House of Assembly, which enacts statutory legislation.  The United Kingdom retains the power to adopt legislation for the BVI, and also maintains the ability to extend the implementation of international treaties to the BVI, such that the legislation and treaties form part of the laws of the BVI.

21.     The Common Law (Declaration of Application) Act (Cap 13) extends the common law of England to the BVI.  Section 13 of the Act (Cap 80), governing the BVI court, also provides that equitable principles of English jurisprudence apply in the BVI. 22.  It follows that the common law of the BVI is largely identical to that of England (except insofar as modified by statute, or BVI jurisprudence).

22.     Concerning the judicial system of the BVI, decisions by the Judicial Committee of the Privy Council in the United Kingdom are binding on the BVI courts, and decisions of the Privy Council on appeal from other Courts are highly persuasive (to the extent that they are routinely followed).  In the absence of any authority from the BVI court on any issue of law, which is often the case, decisions of other common law courts, and in particular decisions of the English courts, are of strong persuasive authority.

### A.  Liquidation of BVI Entities

23.     The BVI has modern insolvency laws, such as the Insolvency Act, which governs liquidation, creditor arrangement, receivership and administrative receivership.  The Insolvency Act contains provisions close to those of the insolvency laws of the United Kingdom. In fact, the Insolvency Act is in part modelled on the English Insolvency Act 1986.

24.     Liquidation proceedings are primarily governed by the Insolvency Act.  According to its enacting statement, the Insolvency Act provides "a mechanism for insolvent persons to enter into arrangement with their creditors, an administration procedure for companies, the receivership of companies and foreign companies, [and] the liquidation of companies ...."

### B.  Liquidation by the BVI Court

25.     The BVI court system is also well-developed in the context of corporate restructuring and liquidation proceedings.  Upon commencement of a liquidation, no proceedings may be commenced against the entity or steps taken to enforce any right over the entity's assets

5

without the BVI court's permission, save in respect of secured creditors. Moreover, the Insolvency Act and the BVI Proceedings encompass all of Foreign Debtors' assets worldwide.

26. Insolvency proceedings are not for the benefit of any single creditor. Rather, the Liquidators operate to determine all of the rights of stakeholders, including investors and creditors, with respect to any claims against the Foreign Debtors. Under Section 207 of the Insolvency Act, payment of the claims against the Foreign Debtors accord with statutory priorities, and if the assets are insufficient to pay claims in full, dividends are paid *pro rata* per class of claimants. Any person or entity with a claim against the Foreign Debtors may prove such claim in the BVI Proceedings.

27. In addition, Section 175(c) of the Insolvency Act, entitled "Effect of Liquidation," states that "unless the Court otherwise orders, no person may (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or (ii) exercise or enforce, or continue to exercise or enforce any right of remedy over or against the assets of the company."

28. I understand from United States counsel for the Liquidators that this automatic stay imposed by the Insolvency Act mirrors the stay imposed in United States bankruptcy proceedings, except in respect of secured creditors, which maintain certain self-help rights under BVI law notwithstanding the BVI Proceedings, and serves to promote the Liquidators' efforts to decide claims and creditors collectively and comprehensively.

29. Moreover, a general principle underlying the BVI's insolvency regime is that the claims of investors and creditors within the same class are treated on a *pari passu* basis.

30. In my experience, BVI liquidation proceedings are fair and equitable. All creditors and interest holders have an opportunity to be heard by the BVI court and no creditor will be prejudiced because it is foreign-based.

### C. The Liquidators

31.    The Liquidators are fiduciaries and officers of the BVI court that are required to take possession of, protect, and realize the assets of the Foreign Debtors for the benefit of its creditors.[3]

32.    Post-liquidation, the directors of the Foreign Debtors have little to no authority *vis a vis* the affairs of the Foreign Debtors.  As a matter of law, the management functions of the Foreign Debtors are vested entirely in the Liquidators, subject to BVI court approval.  In other words, the Liquidators "step into the shoes" of the Foreign Debtors' directors and shareholder.

33.    A BVI liquidator must be a licensed insolvency practitioner and a resident of the BVI (unless acting jointly with a licensed insolvency practitioner and a resident of the BVI). Accordingly, although he has relocated to the Cayman Islands from the BVI, Mr. Trott can act alongside Mr. Mills as the joint foreign liquidator of the Foreign Debtors, given that Mr. Mills resides in the BVI and is a licensed insolvency practitioner there.

34.    A liquidator may be appointed by: (1) a resolution of the members of the company passed by a super majority of seventy-five percent of all members present or represented by proxy at a meeting of members (or such higher majority as the articles of the company may provide),[4] or (2) by the BVI court upon application by the company itself, a creditor, a shareholder, a supervisor of a creditors' arrangement, the BVI Financial Services Commission, or the Attorney General of the BVI.[5]

---

[3]    Insolvency Act, § 184.

[4]    Insolvency Act, § 159.

[5]    Insolvency Act, § 162(2).

35.     A liquidator may be appointed by the BVI court if: (a) the company is insolvent; (b) it is "just and equitable" that a liquidator be appointed; or (c) that liquidation of the company is in the public interest.

36.     The Insolvency Act expressly sets forth the powers and duties of the Liquidators, their removal and resignation, and includes comprehensive guidance for the Liquidators' conduct.

37.     There is no material distinction between an insolvent liquidation commenced by members and an insolvent liquidation commenced by an order of the BVI court, save that the BVI court retains a power to limit the powers that may be exercised by a liquidator, or may require that certain powers may only be exercised with leave of the BVI court.  The Liquidators' powers include:

i.     Power to pay any class of creditors in full.

ii.     Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Company, whether present or future, certain or contingent, ascertained or not.

iii.     Power to compromise, on such terms as agreed a. calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the Company and any person; and b. questions in any way relating to or affecting the assets or the liquidation of the Company; and take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

iv.     Power to commence, continue or defend any action or other legal proceedings in the name and on behalf of the Company.

v.     Power to carry on the business of the Company so far as may be necessary for its beneficial liquidation.

vi.     Power to sell or otherwise dispose of property of the Company.

vii.     Power to do all acts and execute, in the name and on behalf of the Company, any deeds, receipts or other document.

viii.     Power to use the Company's seal.

ix.     Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankruptcy or insolvent, and rateably with the other separate creditors.

x.     Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with

respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business.

xi.     Power to borrow money, whether on the security of the assets of the Company or otherwise.

xii.    Power to take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company.

xiii.   Power to call meetings of creditors or members for (a) the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation; (b) the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation; or (c) such other purpose connected with the liquidation as the liquidator considers fit.

xiv.    Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

xv.     Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.

xvi.    The exercise of the first four powers of the Liquidators are only permitted with prior BVI court approval. The remaining powers are permitted without specific, prior BVI court sanction.

38.     Pursuant to the fourteenth power listed above, the Liquidators may "appoint a solicitor ... to assist him in the performance of his duties."

39.     Moreover, under section 185 of the Insolvency Act, the Liquidators have a duty to take possession of, protect and realize the assets of the company and are also empowered to investigate: (i) the causes of the insolvency of the Foreign Debtors; and (ii) the general business, investments and counterparties of the Foreign Debtors.

**UNITED STATES BANKRUPTCY CODE**

40.     The BVI Proceedings are each a "foreign proceeding" within the meaning of section 101(231) of the Bankruptcy Code.

41.      I am advised by United States counsel that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code as:

"... a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment

of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."

42. In my view, the BVI Proceedings are judicial proceedings under the supervision of the BVI court in which the assets and affairs of the Foreign Debtors are subject to control or supervision by the BVI court, and the rights of the Foreign Debtors' investors, creditors and stakeholders will be determined together pursuant to the Insolvency Act and related statutes and rules, all of which are laws relating to insolvency and liquidation of companies.

43. The Liquidators are "foreign representatives" within the meaning of section 101(241) of the Bankruptcy Code. I am also advised by United States counsel that "foreign representative" is defined in section 101(24) of the Bankruptcy Code as:

"... a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

44. In my view, the Liquidators satisfy this definition. As fiduciaries and officers of the BVI court, the Liquidators are duly authorized and empowered by the BVI court to investigate and administer the dispensation of the Foreign Debtors' assets or affairs, and to act as the duly authorized representatives of the Foreign Debtors.

45. The Liquidators were granted various powers under BVI law to enable them to carry out their duties effectively, but it remains the case that, where they contemplate actions that are not of automatic statutory application, they are required to seek BVI court approval.

46. The BVI Liquidation is a "foreign main proceeding" within the meaning of section 1517(b)(1). I am also advised by United States counsel that for the BVI Liquidation to be classified as a "foreign main proceeding" under section 1517(b)(1) of the Bankruptcy Code, the foreign proceeding must be "pending in the country where the debtor has its center of main interests."

10

47.     In addition, United States counsel has advised me that certain provisions of BVI law are relevant to the determination of the Foreign Debtors' center of main interests under section 1517 of the Bankruptcy Code.

48.     As noted above, NS1 was incorporated as a Business Company in the BVI on March 4, 2022, and registered as a Professional Fund under the SIBA.  ABIM was incorporated as a Business Company in the BVI on November 1, 2023 under BVI Company No. 2135280.

49.     Each of the Foreign Debtors continues to maintain a registered office at Ogier Global (BVI) Limited, Ritter House, Wickhams Cay II, Road Town, Tortola VG1110, British Virgin Islands.

50.     The Liquidators displaced the Foreign Debtors' directors pursuant to section 175 of the Insolvency Act as a result of their appointment. Consequently, the Liquidators are responsible for, *inter alia*, liquidating any remaining assets of the Foreign Debtors', investigating any causes of action the Foreign Debtors may have, settling claims of investors and creditors, and prosecuting and settling or otherwise resolving such causes of action as he deems appropriate.  The Liquidators take virtually all of their actions from the office of R&H Restructuring in the BVI.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: December 12 , 2024
Road Town, Tortola,
British Virgin Islands

By: _____
Grant Carroll

12