**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 15 |
| ALL BLUE INVESTMENTS NORTH STAR 1 LTD, *et al.*,[1] | Case No.: 24-23015 |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**MOTION OF THE FOREIGN REPRESENTATIVES FOR**
**CHAPTER 15 RECOGNITION AND FINAL RELIEF**

Martin Trott and Nathan Mills, in their capacities as duly appointed joint liquidators (the "**Liquidators**" or "**Foreign Representatives**") of All Blue Investments North Star 1 Ltd. (in Liquidation) ("**NS1**") and All Blue Investment Management Ltd. (in Liquidation) ("**ABIM**" and, together with NS1, the "**Foreign Debtors**") under section 159(2) of the Insolvency Act 2003 (as amended) (the "**Insolvency Act**"), by their undersigned counsel, submit this motion (the "**Motion**"), the Official Form Petitions and the Verified Petition (together, the "**Petitions**"), the *Memorandum of Law in Support of Motion of the Foreign Representatives for Chapter 15 Recognition and Final Relief* (the "**Recognition Memorandum**"), the accompanying Declaration of Grant Carroll (the "**Carroll Declaration**") and the Declaration of Martin Trott (the "**Trott Declaration**" and together with the Carroll Declaration, the "**Declarations**"), for entry of an Order under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**"):

(i)     recognizing the Foreign Representatives as the Foreign Debtors' "foreign representatives" as defined in section 101(24) of the Bankruptcy Code;

---

[1]     The Foreign Debtors in these chapter 15 cases, along with the last four digits of each Foreign Debtor's federal tax identification number, are: All Blue Investments North Star 1 Ltd. (3076); and All Blue Investment Management Ltd. (5280).  The Foreign Debtors' address for the purpose of these chapter 15 cases is: c/o R&H Restructuring (BVI) Ltd., Little Denmark Building, Unit 3a, 147 Main Street, PO Box 3162, Road Town, Tortola, British Virgin Islands, VG1110.

(ii)    recognizing the BVI Proceedings as "foreign main proceedings" in accordance with sections 101(23), 1502(4), and 1517(a) and (b)(1) of the Bankruptcy Code, or, in the alternative, as foreign nonmain proceedings under sections 1502(4) and 1517(b)(2) of the Bankruptcy Code;

(iii)    granting all relief provided by section 1520 of the Bankruptcy Code, upon recognition of the BVI Proceedings as foreign main proceedings, including without limitation, imposing the automatic stay of section 362 of the Bankruptcy Code in favor of the Foreign Debtors, and any property of the Foreign Debtors that is within the territorial jurisdiction of the United States throughout the duration of these chapter 15 cases or until otherwise ordered by this Court;

(iv)    providing additional assistance or appropriate relief upon recognition of the BVI Proceedings as foreign main proceedings, or, in the alternative, foreign nonmain proceedings, under sections 1507 and 1521 of the Bankruptcy Code, including providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the Foreign Debtors' assets, affairs, rights, obligations or liabilities;

(v)    granting the Foreign Representatives the rights and protections to which they are entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of U.S. Courts over the Foreign Representatives in accordance with sections 306 and 1510 of the Bankruptcy Code; and

(vi)    granting such other relief as may be necessary and appropriate, including entry of a final decree after entry of the order granting the relief requested.

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over these cases under sections 157 and 1334 of title 28 of the United States Code and section 1501 of the Bankruptcy Code.

2.    The Foreign Representatives have properly commenced these cases under sections 1504 and 1515 of the Bankruptcy Code.  This is a core proceeding under section 157(b)(2)(P) of title 28 of the United States Code.

3.    Venue for these cases is proper under section 1410(1) of title 28 of the United States Code because each Foreign Debtor has principal assets in this district through a continuing ownership interest in a retainer on deposit in a trust account for the Miami, Florida office of DLA Piper LLP (US).  The Foreign Debtors additionally have assets in Florida in the form of a

2

receivable from Big 5 Sponsor LLC, a limited liability company established in Florida.

4.     The statutory bases for the relief requested in this Motion are sections 101(23)-(24), 105(a), 306, 1502, 1504, 1507, 1509, 1510, 1512, 1515, 1516, 1517, 1520, 1521, 1522, and 1524 of the Bankruptcy Code.

**FACTUAL BACKGROUND**

5.     As more fully described in the Petitions, prior to the commencement of the BVI Proceedings, NS1 conducted business as a professional fund and ABIM as an investment manager under the terms of the BVI Securities and Investment Business Act, 2010 (as amended).  NS1 was responsible for delivering securities in connection with short sale transactions executed by ABIM through broker-dealers.

6.     In addition to providing investment management services to NS1, ABIM also provided investment management services to affiliated entities and their segregated portfolio funds, including Washington Muse Investments SPC (f/k/a All Blue Investments North Star 2 SPC) ("**NS2**"), an exempt segregated portfolio company organized under the laws of the Cayman Islands, and its three segregated portfolios (collectively, the "**NS2 SPs**").  ABIM, NS1 and NS2 are all under the common control of Messrs. Daniel Edward Llewellyn Cookson and Matthew Holden Novak, who served as the directors of each entity (the "**Directors**").  Red Rowan Investments Ltd. ("**Red Rowan**"), an exempt company organized under the laws of the Cayman Islands, is also under control of the Directors.  Red Rowan provided trading consultancy services to NS1.

7.     Between December 2023 and March 2024, ABIM conducted a series of trades with counterparts through Avalon Capital Partners Limited, Seaport Global Securities LLC, Mizuho Securities USA LLC, and Haitong International Securities Company Limited (together the

3

"**Broker-Dealers**").  Some of these were naked short selling trades through the Broker-Dealers on the NASDAQ.[2]

8.     Neither ABIM nor NS1 had sufficient cash or stock to cover the trades, and when they could not deliver borrowed stock, the Broker-Dealers were left to cover the Foreign Debtors' losses, creating $126,748,939.29 in liabilities to the Broker-Dealers.

9.     As a result of these liabilities, on March 27, 2024 (i) NS1, by written resolution of the sole management shareholder, All Blue Investments; and (ii) ABIM, by written resolution of the sole member, Mr. Cookson, were each put into voluntary liquidation and the Foreign Representatives were appointed as joint liquidators of the Foreign Debtors.

10.     Since their appointment, the Liquidators have, among other things, investigated the financial dealings of the Foreign Debtors.  Based on their initial investigations, the Liquidators are concerned that the Directors may have coordinated trading activity between the Foreign Debtors, Red Rowan and NS2 to allocate trading profits and losses as part of a broader scheme to cause the Foreign Debtors, and by design, their creditors, to incur trading losses while allocating trading profits to NS2 and Red Rowan.

11.     The Foreign Representatives now seek the assistance of this Court to, among other things, facilitate their investigations into the Foreign Debtors and evaluate litigation claims that may be pursued, including in the United States, which could result from the discovery of certain affiliates and other entities associated with the Foreign Debtors.

---

[2]   Short selling is a stock trading practice designed for investors to profit when a stock's price goes down. Short selling requires a trader to sell a stock before purchasing it.  The trader receives a profit if the stock price decreases between selling and purchasing it.  In short selling, because the "sold stock" is not yet actually "owned" by the trader, third-party professional broker-dealers are used to provide the seller with "borrowed" shares, which are used to settle the trade.  A "naked short trade" occurs when the trader does not have stock available to settle a trade.  This ordinarily occurs if there is no stock to borrow from a broker-dealer to cover the trade.  Naked short selling is prohibited by the U.S. Securities and Exchange Commission.

12.    For further information regarding the Foreign Debtors' background, the BVI Proceedings, and the facts and circumstances necessitating these chapter 15 cases, the Court is respectfully referred to the Petitions and the Declarations, each of which is incorporated by reference as if set forth fully in this Motion.

## BASIS FOR RELIEF

13.    The Foreign Representatives respectfully submit that the BVI Proceedings should be recognized by this Court as foreign main proceedings within the meaning of section 1502 because, as explained in this Motion, the Recognition Memorandum, and the Verified Petition, the Foreign Representatives and the BVI Proceedings meet the requirements of section 1517 of the Bankruptcy Code and the Petitions meet the requirements of section 1515 of the Bankruptcy Code. Additionally, recognition of the BVI Proceedings does not manifestly violate the public policy of the United States of America.

14.    The Foreign Representatives are each "person[s]," as contemplated in subsections 101(24) and 101(41) of the Bankruptcy Code and were duly appointed by the Resolutions as the joint liquidators of the Foreign Debtors. *See* Petition, Ex. A; Carroll Decl. ¶ 17.

15.    The BVI Proceedings are "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code because the BVI Proceedings constitute collective judicial proceedings conducted in the BVI under the law related to insolvency or debt adjustment (*i.e.*, the Insolvency Act), which establishes a comprehensive framework determining how the Foreign Debtors' assets will be administered, retrieved and distributed. Additionally, the BVI Proceedings are "main" proceedings because section 1516(c) of the Bankruptcy Code presumes that the Foreign Debtors' center of main interests is in the BVI. The Foreign Debtors are entitled to that presumption here because they are BVI-registered entities that presently and have always maintained registered offices in the BVI, where BVI Proceedings are taking place.

16.     For these reasons, and as further detailed in the Recognition Memorandum, the Foreign Representatives submit that the BVI Proceedings constitute foreign main proceedings under section 1517(b)(1) of the Bankruptcy Code.  In the alternative, however, the Foreign Representatives seek recognition of the BVI Proceedings as foreign nonmain proceedings under section 1517(b)(2) of the Bankruptcy Code because Foreign Debtors each have an "establishment" in the foreign country where the BVI Proceedings are pending.  *See* 11 U.S.C. § 1517(b)(2).

17.     Under section 1502(2) of the Bankruptcy Code, an "establishment" is "any place of operations where the debtor carries out a non-transitory economic activity."  11 U.S.C. § 1502(2).  Prior to the commencement of the BVI Proceedings, the Foreign Debtors were at all times organized under BVI law and maintained registered addresses in the BVI, where they engaged in business and received services throughout their existence.  This activity is "non-transitory economic activity" as it is long standing and ongoing, not temporary or transitory in nature.

18.     The Petitions meet the requirements of section 1515 of the Bankruptcy Code. Specifically, as required by section 1515(b) of the Bankruptcy Code, the Petitions are accompanied by copies of the Resolutions appointing the Liquidators and commencing the BVI Proceedings. Additionally, in accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representatives filed a statement with the Official Form Petitions identifying the BVI Proceedings as the only proceedings concerning the Foreign Debtors and stating that there are no other pending foreign proceedings known to the Foreign Representatives concerning the Foreign Debtors. Further, as required by section 1515(d) of the Bankruptcy Code, all documents provided pursuant to section 1515(b) of the Bankruptcy Code are in English.  Finally, as required by rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure, the Foreign Representatives filed a statement

identifying that the Foreign Debtors are not presently involved in pending litigation in the United States.

19.     The Foreign Representatives have made a showing that ancillary relief under sections 1520 and 1521 of the Bankruptcy Code is proper because the Liquidators seek to undertake an investigation of the Foreign Debtors and the circumstances that led to their insolvency.  In particular, the Foreign Representatives request discovery that centers on certain investment transactions, the Foreign Debtors' relationship with certain affiliated entities under common control of the Directors, and the potential mismanagement of the Foreign Debtors.  The requested discovery will better enable the Foreign Representatives to evaluate litigation claims that may be pursued, including in the United States, which could result from the discovery of certain affiliates and other entities associated with the Foreign Debtors.

20.     All the conditions to the entry of an order recognizing the BVI Proceedings as foreign main proceedings under the Bankruptcy Code have been satisfied.  Thus, the Foreign Debtors are entitled to have the BVI Proceedings recognized as "foreign main" proceedings.  Upon recognition of the BVI Proceedings as foreign main proceedings, final relief is authorized by sections 1520 and 1521 of the Bankruptcy Code.  In particular:

a.      Upon recognition of the BVI Proceedings as foreign main proceedings, the Foreign Debtors are automatically entitled to the protections of the automatic stay of section 362 of the Bankruptcy Code.  *See* 11 U.S.C. §§ 1520(a)(1), 362.

b.      Also, upon recognition of the BVI Proceedings as foreign main proceedings, sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of the Foreign Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate.

c.      Upon request, the Court may also provide for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities.  *See* 11 U.S.C. §§ 1520(a)(4).

7

d. The Court may also suspend the right to transfer, encumber, or otherwise dispose of the Foreign Debtors' assets. *See* 11 U.S.C. § 1520(a). To the extent that this relief is not granted under section 1520 of the Bankruptcy Code by applying section 362 of the Bankruptcy Code, the Court may grant this relief pursuant to section 1521(a)(3) of the Bankruptcy Code.

e. Additionally, upon recognition of the BVI Proceedings as foreign main proceedings, the Foreign Representatives are entrusted either as of right under section 1520 of the Bankruptcy Code or with the discretionary approval of the Court under section 1521 of the Bankruptcy Code with the right to exercise the rights and powers of a trustee and is entitled to administer and realize all or part of the Foreign Debtors' assets within the territorial jurisdiction of the United States. *See* 11 U.S.C. §§ 1520(a)(3) and 1521(a)(5).

21. The Court also has the power to provide additional assistance to a foreign representative under the Bankruptcy Code or other laws of the United States, consistent with principles of comity. *See* 11 U.S.C. §§ 1507 and 1521. The additional assistance requested by the Foreign Representatives under section 1521 of the Bankruptcy Code will ensure that the Foreign Debtors' creditors are subject to an informed, fair and efficient liquidation process; it will not harm the Foreign Debtors' creditors. As such, the Foreign Representatives submit that the Court has the discretion to grant the relief requested and the additional assistance set forth in the attached proposed form of order.

## CONCLUSION

**WHEREFORE**, for the reasons set forth in this Motion, the Recognition Memorandum, the Petitions, and the Declarations, including, without limitation, that all requisite elements for the recognition and relief requested by the Motion are met in this case, the Foreign Representatives respectfully request that this Court: (i) enter the proposed order attached to this Motion as **Exhibit A**, recognizing the BVI Proceedings as foreign main proceedings and granting the requested final relief in aid of the BVI Proceedings; and (ii) grant such other and further relief as this Court deems just and proper.

8

Dated: December 13, 2024
  Miami, Florida

Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ Rachel Nanes*
Rachel Nanes (FL Bar No. 85167)
Nicole McLemore (FL Bar No. 1010885)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500 (Main)
Telephone: (305) 423-8563 (Direct)
Facsimile: (305) 675-8206
Email: rachel.nanes@us.dlapiper.com
   nicole.mclemore@us.dlapiper.com

- and -

R. Craig Martin (*pro hac vice* admission pending)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700 (Main)
Telephone: (302) 468-5655 (Direct)
Facsimile: (302) 778-7834
Email: craig.martin@us.dlapiper.com

*Counsel for the Foreign Representatives*

9

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 15 |
| ALL BLUE INVESTMENTS NORTH STAR 1 LTD, *et al.*,[1] | Case No.: 24-23015 |
| | (Joint Administration Requested) |
| Debtors in a Foreign Proceeding. | |

**ORDER GRANTING MOTION OF THE FOREIGN REPRESENTATIVES FOR**
**CHAPTER 15 RECOGNITION AND RELATED RELIEF**

THIS MATTER came before the Court for hearing on [      ] (the "**Hearing**") upon consideration of the Official Form B 401 [ECF No. 1], the *Verified Petition Under Chapter 15 of the Bankruptcy Code for an Order and Final Decree Granting Recognition of Foreign Main Proceedings and Other Related Relief* [ECF No. [   ]] (together, the "**Petitions**"), and the *Motion of the Foreign Representatives for Chapter 15 Recognition and Final Relief* [ECF No. [   ]] (the

---

[1] The Foreign Debtors in these chapter 15 cases, along with the last four digits of each Foreign Debtor's federal tax identification number, are: All Blue Investments North Star 1 Ltd. (3076); and All Blue Investment Management Ltd. (5280). The Foreign Debtors' address for the purpose of these chapter 15 cases is: c/o R&H Restructuring (BVI) Ltd., Little Denmark Building, Unit 3a, 147 Main Street, PO Box 3162, Road Town, Tortola, British Virgin Islands, VG1110.

"**Motion**") filed by Martin Trott and Nathan Mills, in their capacities as duly appointed joint liquidators and foreign representatives (the "**Liquidators**" or "**Foreign Representatives**") of All Blue Investments North Star 1 Ltd. (in Liquidation) ("**NS1**") and All Blue Investment Management Ltd. (in Liquidation) ("**ABIM**" and, together with NS1, the "**Foreign Debtors**"), in liquidation proceedings commenced under section 159(5) of the Insolvency Act 2003 (as amended) (the "**BVI Proceedings**").

The Court reviewed and considered the Motion, as well as the *Memorandum of Law in Support of Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* [ECF No. [__]], the *Declaration of Grant Carroll in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceedings and Other Related Relief* [ECF No. [__]] (the "**Carroll Declaration**") and the *Declaration of Martin Trott in Support of Verified Petition Under Chapter 15 of the Bankruptcy Code for an Order and Final Decree Granting Recognition of Foreign Main Proceedings and Other Related Relief* [ECF No. [__]] (the "**Trott Declaration**"), and all documents attached to the Carroll Declaration and the Trott Declaration (the **"Chapter 15 Documents"**).   Upon consideration of any responses or oppositions to the Motion or Petitions, and after due and sufficient notice of and hearing on the Motion,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

a.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

b.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

c.      Venue is proper in this District under 28 U.S.C. § 1410.

d.      Notice of the hearing on the Motion was sufficient under the circumstances and no further or other notice of or hearing on the Motion is necessary or required.

2

e.       These chapter 15 cases were properly commenced and filed in accordance with 11 U.S.C. § 1504.

f.       The Petitions meet all requirements of 11 U.S.C. § 1515.

g.       The Foreign Representatives are each "person[s]" within the meaning of 11 U.S.C. §101(41) and are the duly appointed foreign representatives of the Foreign Debtors within the meaning of 11 U.S.C. §§ 101(24) and 1517(a)(2).

h.       The BVI Proceedings are foreign proceedings under 11 U.S.C. § 101(23).

i.       The BVI Proceedings are pending in the BVI, which is the location of the Foreign Debtors' center of main interests, and, therefore, the BVI Proceedings are foreign main proceedings within the meaning of 11 U.S.C. § 1502(4).

j.       The BVI Proceedings are entitled to recognition as foreign main proceedings because they meet the requirements of 11 U.S.C. § 1517.

k.       Recognition of the BVI Proceedings as foreign main proceedings is not contrary to the public policy of the United States.

l.       The Foreign Representatives and the Foreign Debtors are automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation.

m.       The Foreign Representatives and the Foreign Debtors, as applicable, are further entitled to the additional assistance and discretionary relief requested in the Motion, pursuant to sections 1507 and 1521(a) of the Bankruptcy Code.

n.       All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Foreign Debtors and the interests of its creditors within the territorial jurisdiction of the United States.

3

o.      The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Debtors, the Foreign Representatives and the Foreign Debtors' creditors.

p.      The relief granted herein will, in accordance with section 1507(b) of the Bankruptcy Code, reasonably assure (i) just treatment of all holders of claims against or interests in the Foreign Debtors' property; (ii) protection of claimholders in the United States against prejudice and inconvenience in the processing of claims in the BVI Proceedings; (iii) prevention of preferential or fraudulent dispositions of the Foreign Debtors' property; and (iv) distribution of proceeds of the Foreign Debtors' property substantially in accordance with the Bankruptcy Code.

q.      The Court is authorized to grant the relief in this Order because the interests of creditors and other parties in interest, including the Foreign Debtors, are sufficiently protected under 11 U.S.C. § 1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED.

2.      The BVI Proceedings are hereby recognized as foreign main proceedings in accordance with 11 U.S.C. § 1517 and are given full force and effect.

3.      The Foreign Representatives, the Foreign Debtors, and each of their respective successors, agents, representatives, advisors and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

4.      All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of these proceedings or until otherwise ordered by this Court, including, without limitation, the automatic stay under 11 U.S.C. § 362.

4

5.      The relief granted in the prior paragraph shall specifically include, but not be limited to, the following provisions:

i.      Except as provided in 11 U.S.C. § 362(b), the filing of the Petitions operate as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Foreign Debtors that was or could have been commenced before the commencement of the chapter 15 cases; the enforcement, against the Foreign Debtors or against property of the estate, of a judgment obtained before the commencement of the chapter 15 cases; any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; any act to create, perfect, or enforce any lien against property of the estate; any act to create, perfect, or enforce against property of the Foreign Debtors any lien to the extent that such lien secures a claim that arose before the commencement of the chapter 15 cases; any act to collect, assess, or recover a claim against the Foreign Debtors that arose before the commencement of the chapter 15 cases; the setoff of any debt owing to the Foreign Debtors that arose before the commencement of the chapter 15 cases against any claim against the Foreign Debtors; and the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the Bankruptcy Court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief.

ii.     The Foreign Representatives are hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during these chapter 15 cases.  No action taken during such period by the Foreign Representatives, or their agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the BVI Proceedings, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced in these chapter 15 cases shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510.

6.      The provisions of 11 U.S.C. §§ 363, 549, and 552 apply to a transfer of an interest of the Foreign Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate.

7.     The right to transfer, encumber, or otherwise dispose of the Foreign Debtors' assets that are within the territorial jurisdiction of the United States absent the express written consent of the Foreign Debtors is hereby suspended under 11 U.S.C. §§ 1520(a) and 1521(a)(3).

8.     The Foreign Representatives may exercise the rights and power of a trustee and are entitled to administer and realize all or part of the Foreign Debtors' assets within the territorial jurisdiction of the United States.  For the avoidance of doubt, the distribution of all or part of the Foreign Debtors' assets located in the United States is entrusted to the Foreign Representatives under section 1521 of the Bankruptcy Code.

9.     The Foreign Representatives are authorized to examine witnesses, take evidence, and seek the production of documents with respect to the Foreign Debtors, including the assets, affairs, rights obligations, and/or liabilities of the Foreign Debtors.

10.     Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

11.     The Chapter 15 Documents shall be made available by the Foreign Representatives upon request in writing to its counsel, DLA Piper (US) LLP, 200 Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (Attn: Rachel Nanes, Esq. [rachel.nanes@us.dlapiper.com] and Nicole McLemore, Esq. [nicole.mclemore@us.dlapiper.com]; 1201 N. Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: R. Craig Martin, Esq. [craig.martin@us.dlapiper.com] and Erik F. Stier, Esq. [erik.stier@us.dlapiper.com]).

12.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) neither the

6

Foreign Debtors nor the Foreign Representatives are subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representatives and the Foreign Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13.    This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Petitions, or the interpretation or implementation of this Order.

###

**Submitted by**:

Rachel Nanes (FL Bar No. 85167)
**DLA Piper LLP (US)**
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500 (Main)
Telephone: (305) 423-8563 (Direct)
Facsimile: (305) 675-8206
Email: rachel.nanes@us.dlapiper.com

*Attorney Nanes is directed to serve a conformed copy of this Order upon all nonregistered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.*