# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re All Blue Investments North Star 1, Ltd., *et al.,*

Foreign Debtors.

Case No.   24-23015 (CLC) (Jointly Administered)

Chapter   15

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Big 5 Sponsor, LLC

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method:

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE (if not produced electronically) | DATE AND TIME |
|----------------------------------------|---------------|
| DLA Piper LLP (US) | 30 days after service of this Subpoena |
| 200 South Biscayne Boulevard | |
| Suite 2500 | |
| Miami, FL 33131 | |
| (Attn: Rachel Nanes) | |

*(See attached description of documents, electronically stored information, or objects)*

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 19, 2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Rachel Nanes*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Martin Trott and Nathan Mills, in their capacities as duly appointed joint official liquidators (in this capacity, jointly and severally, the Foreign Representatives) of All Blue Investments North Star 1 Ltd. (in Liquidation) and All Blue Investment Management Ltd. (in Liquidation) who issues or requests this subpoena is: Rachel Nanes, Esq., DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131, (305) 423-8500, rachel.nanes@us.dlapiper.com.

LF-84 (rev. 12/01/21)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

## <u>EXHIBIT A</u>

### INSTRUCTIONS AND DEFINITIONS OF TERMS

1.    As used in these requests (the "<u>Document Requests</u>"), "Document(s)" shall have its customary broad meaning and shall include, without limitation, the following items, whether original or copies:

> All written, printed, typed, photostat, photographed, or otherwise recorded matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, and including, without limitation, minutes, agenda, contracts, agreements, reports, analyses, summaries, inter-office and intra-office communications or memoranda, letters, envelopes, messages; financial or accounting statements, working papers, compilations, reports or summaries; reports or summaries of investigations, trade letters, press releases, magazines, newspapers, brochures, posterboard, offers, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, telefax, thermafax, confirmations, and all drafts, alterations, modifications, changes, markups and amendments of any of the foregoing, and all graphic or manual records or representations of any kind, including without limitation photographs, charts, graphs, microfiche, microfilm, videotape, records, and motion pictures, and electronic, mechanical or electric records or representations of any kind, including without limitation tapes, cassettes, magnetic, optical or other discs, magnetic cards and recordings.

2.    The term "Documents" shall also include all "Electronically Stored Information". Electronically Stored Information includes, but is not limited to, email, writings, drawing, graphs, charts, photographs, sound recordings, text messages, Facebook or other social media posts, and other data or data compilations stored in any electronic medium from which information may be obtained. All electronically stored information must be produced in pdf unless such production is not feasible, in which case such information must be produced in reasonably usable form or in the form in which it is usually maintained. You must provide reasonable technical assistance concerning application software provided, if needed. If the information is normally searchable, the search function should be

available in connection with the produced information. E-mails and other electronically stored information may be produced in the form of hard copy upon consent of the requesting party.

3. "All Blue" means All Blue Investments North Star 1 Ltd., a British Virgin Islands entity, and its employees, independent contractors, agents, and attorneys.

4. "All Documents" means every Document, whether an original or copy, as above defined, known to you and every such Document under your possession or control or that you can locate or discover by reasonably diligent efforts.

5. "And" means and/or.

6. "Communication(s)" means any transmission or exchange of information between two or more persons, orally or otherwise, including, without limitation, any conversation, correspondence or discussion, whether face-to-face or by means of telephone, letters, memoranda and other Communications, including telegraph, telex, telecopier, e-mail and other electronic Communications, or through any other medium.

7. "DWAC" means Digital World Acquisition Corp., a Delaware corporation, and its employees, independent contractors, agents, and attorneys.

8. As used herein, "person" or "party" includes any individual, corporation, partnership, group, association or any other organization.

9. "Or" means and/or.

10. "Orlando" means Patrick F. Orlando, along with his agents and attorneys.

11. "Relate to" "relating to" or "related to" means constituting, referring, discussing, analyzing, comprising, embodying, recording, evidencing, or containing any information which pertains to the subject matter addressed in the request.

12.     "You" means Big 5 Sponsor LLC, a Florida limited liability company and the entity to which the subpoena is addressed, and its employees, independent contractors, agents, and attorneys.

13.     Do not fail to provide any of the requested discovery on the basis that you deem the information sought to be confidential or proprietary.  Instead, please contact the undersigned counsel in advance of the deadline for responding to these Document Requests so that a confidentiality agreement, if appropriate, can be worked out in advance so as not to delay your provision of the information sought in the subpoena.

14.     Do not fail to provide any of the requested discovery on the basis that you deem the wording of a document request to be vague, ambiguous, disproportionate, overbroad or overly burdensome.  Instead, please contact the undersigned counsel in advance of the deadline for responding to the subpoena and you will be provided with a clarification or, if appropriate, a rephrasing or limitation of the request.

15.     CLAIM OF PRIVILEGE OR OTHER PROTECTION:  With respect to any information, Communication or Document you withhold by claiming that it is privileged or subject to protection as attorney work product, or for any other reason, state the privilege or other ground for non-production, and include in your response a privilege log so that the Foreign Representatives (defined below) and the Court may make an independent determination of the privileged or protected nature of the requested information.

The privilege log must include, at a minimum, for each fact, Document or Communication that you fail to disclose on the basis of privilege or work product protection:

    a. the nature of the privilege or protection;
    b. the statute, rule or legal doctrine which you believe protects the information, Communication or Document from disclosure;
    c. the nature and subject matter of the allegedly privileged or protected information Communication or Document; and

    d.  any other unprivileged information which will be useful to the parties and the Court to assess the applicability of the claimed privilege or protection.

Additionally, for each Document that you withhold on the basis of privilege or work product protection, include the following information:

    a.  the name of the author of the Document;
    b.  the date of the Document;
    c.  the name of each person or persons participating in the preparation of the Document;
    d.  the date on which the Document was received by the person having possession of the Document;
    e.  the name and address of each person, if any, to whom the contents of the Documents have been communicated by copy, exhibition, reading or substantial summarization;
    f.  a brief description of the nature and the subject matter of the Document;
    g.  the statute, rule or decision which is claimed to give rise to the privilege;
    h.  the present custodian and location of the Document;
    i.  the number of pages, attachments and appendices comprising the Document; and
    j.  whether the Document is handwritten, typewritten or otherwise prepared.

If you reasonably believe a portion of any otherwise discoverable Document contains information subject to a claim of privilege or protection, delete or redact those portions of the Document subject to the claim of privilege or protection, affix an indication of the location and size of the portion deleted or redacted, and produce the Document along with the information described in this paragraph.

16.    SUPPLEMENTATION:  If at any time after you prepare your answers to these Document Requests you directly or indirectly obtain further or different information or knowledge than that produced in your response to the subpoena, you are required to supplement your production as provided in Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 7026 and 9014.

## DOCUMENT PRODUCTION

1.      Produce all Documents related to any financial account that is or was owned and/or controlled by you, on or after October 1, 2022, including but not limited to the statements from Chase N.A. account #XXXXX8092.

2.      Produce all financial statements containing your financial information for the years 2022, 2023, 2024, and/or 2025.

3.      Produce all tax returns filed and/or drafted by or on behalf of you in 2022, 2023, 2024, and/or 2025.

4.      Produce all contracts and agreements between you and All Blue.

5.      Produce all Communications between you and All Blue.

6.      Produce all Documents related to the use of any funds you received from All Blue, including but not limited to wire information, ACH information, checks, deposit slips, bank statements, accounts payable reports, entries into any accounting system such as Quickbooks, any other accounting entries, invoices, transactional documents, purchase agreements, purchase orders, stock purchase agreements, financial statements, and balance sheets.

7.      Produce all Communications between you and DWAC.

8.      Produce all Communications between (1) Orlando, and (2) you or any person or entity related to you.

9.      Produce all promissory notes of which All Blue is and/or at one time was the holder and under which you are or were an obligor or maker.

10.     Produce all Documents related to any loans from All Blue to you.

11.     Produce all Documents related to any payment from you to Orlando or on Orlando's behalf.

12. Produce all Communications related to any payments from you to Orlando or on Orlando's behalf, on or after October 1, 2022.

13. Produce all Documents which evidence or reflect any securities, shares, membership interests, and/or ownership interests in any entity purchased by you at any time on or after October 1, 2022.

*Documents may be produced electronically via email to: (i) Rachel Nanes (rachel.nanes@us.dlapiper.com), counsel to Martin Trott and Nathan Mills, in their capacities as duly appointed joint official liquidators (in this capacity, jointly and severally, the "*Foreign Representatives*") and (ii) Joseph Grekin (jgrekin@schaferandweiner.com), co-counsel to the Foreign Representatives.  Documents that are unavailable in electronic format shall be delivered to DLA Piper LLP (US), 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131 (Attn: Rachel Nanes).*