

**ORDERED in the Southern District of Florida on November 21, 2025.**

_Corali Lopez-Castro_

**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: ALL BLUE INVESTMENTS        **CASE NO. 24-23015-CLC**
NORTH STAR 1, LTD., *et al.*,        (Jointly Administered**)**

       Foreign Debtors.        Chapter 15

_____/

### <u>STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER</u>

THIS MATTER came before the Court by agreement on the agreed motion of Patrick Orlando and Big 5 Sponsor, LLC (DE 27; the "Motion") for entry of a confidentiality order in connection with document subpoenas (DE 25 and 26) issued by the Debtor.  Finding good cause for the granting of the Motion and noting the agreement of the parties, the Court hereby GRANTS the Motion and enters the following Confidentiality Order.

WHEREAS, during this Chapter 15 proceeding, the Debtors have issued subpoenas for documents to non-debtors/non-parties Patrick Orlando and Big 5 Sponsor, LLC (collectively, the "**Non-Parties**") pursuant to Federal Rule of Bankruptcy Procedure 2004, which seek the disclosure of information that the Non-Parties consider to be confidential, trade secrets, proprietary, and/or business information.

WHEREAS, the Non-Parties wish to preserve the confidentiality of such information through the use of a Confidentiality and Protective Order ("**Protective Order**"); and

WHEREAS, the Non-Parties assert that they have a legitimate interest in maintaining the confidentiality of the categories of confidential, trade secrets, proprietary, and/or business information sought by the Debtors and the Non-Parties assert that they will suffer immediate and serious injury if the confidentiality of such information is not maintained;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Debtors and Non-Parties, subject to the approval of the Court, that the following Protective Order shall govern the handling of all items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, documents, deposition testimony, deposition exhibits, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and any other information or material, transcripts, and tangible things) and the contents thereof produced, given or exchanged by and among the Debtors and the Non-Parties (whether by formal process, agreement, or otherwise) (together "**Discovery Materials**") in connection with discovery in the above-captioned proceeding ("**Proceeding**"); and good cause appearing for the entry of this Protective Order,

**IT IS ORDERED** as follows:

## I.        PURPOSES AND LIMITATIONS

1.1        This Protective Order governs the Debtors and Non-Parties (including all of their officers, directors, employees, consultants, retained experts, Outside Counsel, and their support staffs) in the Proceeding.

1.2     This Protective Order is to facilitate discovery without discovery disputes; expedite the flow of discovery materials; to preserve the confidentiality of trade secrets, business information, proprietary information, confidential research, development information, financial information, commercial information, or personnel files; and to ensure that the Debtors and Non-Parties are permitted reasonably necessary uses of such materials as permitted by law. Disclosure and discovery activity in the Proceeding may involve the production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted.

## II.     DEFINITIONS

2.1     "**Proceeding**" means the above-captioned matter.

2.2     "**Challenging Party**" means the Debtors or Non-Party that challenges the designation of information or items under this Protective Order.

2.3     "**CONFIDENTIAL INFORMATION**" means any document or information, testimony, exhibits, papers, representations of facts, discovery material, or any portion thereof supplied in any form, produced or given in the course of this Action, that a Debtor or Non-Party contends in good faith contains or reflects confidential or proprietary business or financial information, trade secrets, non-public personal information, or other information that the designating party reasonably believes is confidential or proprietary and is thus entitled to protection from disclosure.

This designation also includes documents, information, or testimony that contains or reflects protected personal information of current, former, or prospective employees, officers, or directors. Nothing herein is intended to preclude, and does not preclude, a receiving party or another non-producing party from designating a document produced, information disclosed, or testimony from a deposition, hearing, or trial as CONFIDENTIAL INFORMATION under the terms of this

Protective Order that it reasonably believes to warrant this designation.

Any information that has been made publicly available by the party who has a rightful claim of ownership over such information at or before the time of its disclosure in this Proceeding does not constitute CONFIDENTIAL INFORMATION for purposes of this Protective Order.

2.4    "**Counsel**" means Outside Counsel of Record and In-House Counsel (as well as their respective support staffs).

2.5    "**Designating Party**" means a Debtor or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or a party that so designates information or items that it receives from a producing party.

2.6    "**Disclosure or Discovery Material**" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, Documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Proceeding.

Any Disclosure or Discovery Material may be used ONLY for purposes of this Proceeding and not in any other legal proceeding.

2.7    "**Documents**" means all documents, memos, reports, studies, investigations, emails, correspondence, electronically stored information, and all other written or tangible things, whether produced in whole or in part.

2.8    "**Expert or Consultant**" means a person with specialized knowledge or experience in a matter pertinent to the Proceeding who has been retained by a Debtor, Non-Party, or their Counsel to serve as an expert witness or consultant in or related to the Proceeding.

2.9    "**In-House Counsel**" means litigation attorneys who are employees of a Debtor or Non-Party. In-house counsel does not include Outside Counsel of Record or any other outside

4

counsel.

2.10    "**Outside Counsel of Record**" means attorneys who are not employees of a Debtor or Non-Party to this Proceeding but are retained to represent or advise a Debtor or Non-Party to this Proceeding and have appeared in this Proceeding on behalf of that person or entity or are affiliated with a law firm that has appeared on behalf of that person or entity.

2.11    "**Privacy Information**" means any documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), a financial account number (other than only the last four digits thereof), and "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal or state laws, regardless of whether such information has been designated as "CONFIDENTIAL" (collectively "**Privacy Information**"). Privacy Information may be redacted.

2.12    "**Producing Party**" means a Debtor or Non-Party that produces Disclosure or Discovery Material in this Proceeding.

2.13    "**Professional Vendors**" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    "**Protected Material**" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL INFORMATION".

2.15    "**Receiving Party**" means a party that receives Disclosure or Discovery Material from a Producing Party.

5

### III.   SCOPE

The protections conferred by this Protective Order cover not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Debtors or Non-Parties or their Counsel that reveal Protected Material.

However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party

### IV.   DURATION

Even after the final disposition of this Proceeding, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### V.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party that designates information or items for protection under this Protective Order must use reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within

the ambit of this Protective Order.

Mass, blanket, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the erroneous designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of Section 5.2(a)), or as otherwise stipulated or ordered, the Designating Party must clearly designate Disclosure or Discovery Material that qualifies for protection under this Protective Order as "CONFIDENTIAL" before the material is disclosed or produced or within ten (10) days of disclosure or production except for an inadvertent disclosure discussed in Section 5.3 below in which case the Party shall have ten (10) days after discovery of the inadvertent disclosure to so designate.

Designation in conformity with this Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Debtor or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" . After the inspecting party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings that the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" . If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failure to Designate Protected Material. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the non-Designating Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order to the extent it is reasonably possible to do so.

5.4     Disclosure of Privileged Information.  Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, work product protection, or other privilege or immunity, and the production of such information shall not operate as a waiver in this case or in any other state or federal proceeding. If a Producing Party becomes aware that it has produced

8

information protected by the attorney-client privilege, work product protection, or other privilege or immunity, the Producing Party will promptly notify the Receiving Party in writing of the inadvertent production. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rules of Evidence 502(b) and (d).

If the Receiving Party becomes aware that it is in receipt of material which it knows or reasonably should know is privileged or protected, counsel for the Receiving Party shall take steps as expeditiously as possible to (1) stop reading such information or materials; (2) notify counsel for the Producing Party of such information or materials; (3) collect all copies of such information or materials in its possession or control; and (4) destroy or return such information or materials to the Producing Party.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality within thirty (30) days of receipt of an item that is designated "CONFIDENTIAL" . Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of litigation, a Party does not waive its right to challenge a confidentiality designation by not mounting a challenge within the aforementioned thirty (30) day challenge period. In such cases, a Party may challenge the questioned designation upon a showing of good cause as to why the challenge could not practically have been brought sooner.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to a designation is being made in accordance with this specific paragraph

of the Protective Order. The Designating Party and the Challenging Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the designation was not proper and must allow the Designating Party an opportunity to review the designated material, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. All material designated as "CONFIDENTIAL" shall be treated consistent with the designation during the pendency of any challenge and until either (1) the Designating Party has voluntarily withdrawn some or all of the challenged designation or (2) a final ruling by the Court requires some or all of a challenge designation to be removed.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the parties shall follow the procedures set out in this Court's orders, the Local Rules, and the Federal Rules of Bankruptcy Procedure, as applicable.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Proceeding **only for prosecuting, defending, or attempting to resolve this Proceeding or any part of or issue in this Proceeding, including any adversary proceeding or contested matter in this Proceeding.** For the avoidance of doubt, this means that any Protected Material may not be used or shared with any other person or entity, including counsel, that may have an interest in reviewing or utilizing such

Protected Material for any other matter or proceeding. [1]  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" may only be disclosed to:

      a)  the Receiving Party;

      b)  the Receiving Party's Outside Counsel of Record in this Proceeding, as well as employees of said Outside Counsel of Record (excluding experts, consultants, contractors and investigators) to whom it is reasonably necessary to disclose the information for this Proceeding (but cannot be shared with any employees of Outside Counsel of Record who may seek to utilize the Protected Materials for matters other than this Proceeding);

      c)  the liquidators, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) in advance of being shown any Protected Material;

      d)  Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) in advance of showing any Protected Material;

      e)  the court and its personnel;

---

[1]  This means that no attorney or employee who is involved with or participating in any lawsuit upon which Non-Party Patrick Orlando is a party may receive or review any Protected Material.

f)  court reporters, their staff and Professional Vendors to whom disclosure is reasonably necessary for this Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) in advance of showing any Protected Material;

g)  during any Rule 2004 Examinations, witnesses in the Proceeding to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) in advance of showing any Protected Material, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed examination testimony or exhibits to examinations that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3        This Section may not limit or abrogate a Party's legal rights of review and disclosure of information to which it is entitled as a matter of law.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Debtor or Non-Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that party must:

(a) notify in writing the Designating Party within 48 hours after service of any subpoena or court order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate in good faith with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Proceeding to disobey a lawful directive from another court.

**IX.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

**X.     <u>MISCELLANEOUS PROVISIONS</u>**

11.1     Nothing contained in this Protective Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this Proceeding or in any other proceeding.

11.2     Nothing contained in this Protective Order shall affect the rights of the Debtors or Non-Parties to object to discovery on grounds other than those related to the confidentiality of

documents or information, nor shall it relieve a Debtor or Non-Party of its obligation to respond or object to discovery requests appropriately, nor shall it preclude any Debtor or Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Bankruptcy Procedure.

11.3    The Debtor and Non-Parties reserve all rights to apply to the Court for any order modifying this Protective Order or seeking further protection against discovery or other use of Protected Material or other information, documents, or transcripts.

11.4    Nothing contained in this Protective Order shall affect the ability of the Debtor or Non-Parties to alter the time periods set forth in this Protective Order by mutual consent.

11.5    Any person requiring further confidentiality protection may petition the Court for a separate order governing the discovery of its information.

11.6    The provisions of this Protective Order shall survive the conclusion of this Proceeding.

11.7    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this Proceeding any Protected Material. A party that seeks to file any Protected Material under seal must comply with the Local Rules.

## XI.    FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, as defined in Section IV (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

14

Protected Material.

Whether the Protected Material is returned or destroyed, if requested, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that affirms that the Receiving Party has returned or destroyed all Protected Material as requested and has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material provided that, if requested, Counsel provide written notice to all Parties that Counsel have elected to retain archival copies that contain or constitute Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION).

<b><u>IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD</u></b>

|  | /s/ *Andrew R. Herron*<br>Andrew Herron, Esq.<br>Fla. Bar. No.: 861560<br>Homer Bonner Jacobs Ortiz<br>1200 Four Seasons Tower<br>1440 Brickell Avenue<br>Miami, FL 33131<br>aherron@homerbonner.com<br>*Counsel for Non-Party Big 5 Sponsor, LLC*<br><br>/s/ *Adam L. Schwartz*<br>Adam L. Schwartz, Esq,<br>Fla. Bar. No. 103163<br>Vedder Price<br>600 Brickell Ave., Ste. 1500<br>Miami, FL 33131<br>aschwartz@vedderprice.com<br>*Counsel for Non-Party Patrick Orlando* |
|---|---|

### 

Submitted By:
Andrew R. Herron, Esq.
**Homer Bonner Jacobs Ortiz, P.A.**
Counsel for Big 5 Sponsor, LLC and Patrick Orlando
1441 Brickell Ave., Suite 1200
Miami, FL  33131
(305) 350-5100
aherron@homerbonner.com

Mr. Herron is directed to serve copies of this Order upon all interested person and to file a certificate of service with the Court.

16